**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        Javier Abad Ramirez v. The State of Texas

Appellate case number:    01-15-00340-CR

Trial court case number:   1264200

Trial court:                        176th District Court of Harris County

The complete record was filed in this appeal on May 22, 2015. Appellant's brief was due on June 26, 2015. *See* TEX. R. APP. P. 38.6(a). This Court granted appellant's motions for extensions of time, extending the time to file appellant's brief to October 8, 2015. On October 21, 2015, the Clerk of this Court notified appellant that his brief was late and, absent a satisfactory response within 10 days, the Court might be required to order the trial court to conduct a hearing pursuant to rule 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3). Appellant has not responded.

We, therefore, abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Kevin P. Keating, shall be present. TEX. R. APP. P. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

(1)    determine whether appellant wishes to prosecute the appeal;
(2)    if appellant wishes to prosecute the appeal, determine whether good cause exists to relieve Kevin P. Keating of his duties as appellant's counsel;
(3)    if good cause exists, enter a written order relieving Kevin P. Keating of his duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(4) if good cause does not exist to remove counsel, provide a deadline by which Kevin P. Keating must file appellant's brief, which shall be no more than 30 days from the date of the hearing;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2014); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: _/s/ Russell Lloyd
         ☑ Acting individually      ☐ Acting for the Court

Date: November 17, 2015